## Twenty-third Ward Republican Club License

*Nathaniel Budin*, for appellant.

*Russell C. Wismer*, for Pennsylvania Liquor Control Board.

CARROLL, J., May 24, 1949.—In this case the Pennsylvania Liquor Control Board issued two citations to the Twenty-third Ward Republican Club to show cause why the liquor license heretofore issued to that club should not be revoked and why the bond filed with the application for such license should not be forfeited by reason of the alleged violations which hereinafter will be discussed.

After hearing the board found that the club was operated for the benefit of one Thomas J. Dorsam and not for the benefit of its members; that it had unexplained shortages in its cash income; that its primary purpose was to sell liquor and malt beverages; that persons were admitted to membership without written application, investigation and vote; that it failed to adhere to its by-laws; that it neglected to keep true and accurate records of its operation; that its officers or employes deliberately falsified its records; that it

failed to notify the board within the 30-day period of any change in its officers and board of directors; that it listed as its agent to purchase its liquor one who was not in its regular employ and that it has been cited and penalized on four previous occasions for violations of the Pennsylvania Liquor Control Act.

Upon these findings of fact the board concluded that such facts constituted a violation of the Liquor Control Act and the board thereupon entered an order on October 13, 1948, revoking the club liquor license previously issued to the said Twenty-third Ward Republican Club for premises 4619 Paul Street in the County of Philadelphia. It is from this order that petitioner appealed.

When the matter was before us on appeal, counsel for appellant and the board agreed that the record of the proceedings before the board contained all the evidence and stated that they desired to make no argument or discussion of the facts that were before it and upon which the board based its conclusions. At the direction of the court, however, counsel for appellant filed a written brief of some length containing an analysis of the testimony before the board in which brief the court was requested to reject from its consideration all of the hearsay testimony which was accepted by the examiner, to most of which no objection was made by counsel for the club. No reply brief has been filed by the Liquor Control Board.

In hearing this appeal de novo, as we are required to do by the Pennsylvania State Liquor Control Act, we are first met with the question whether we have the power to reject evidence accepted by the examiner of an administrative board which in our judgment is hearsay evidence and if adduced before us would have to be ruled out on objection. Much of the testimony taken by the examiner is hearsay evidence. It seems, however, that appellant has waived any rights he may

have had to withdraw the consideration of such evidence from us by his agreement that the record taken before the examiner constituted the entire record of the case. Under the act of assembly he is entitled to have all the evidence in the case taken before the quarter sessions court de novo on appeal and if he so desires he may, upon application, have all such evidence heard and a final determination made by a court en banc. In fact this procedure, while not mandated, is recommended by the appellate courts of the Commonwealth. In Kensington Club Liquor License Case, 164 Pa. Superior Ct. 401 (1949), it has been held:

"Where an important duty, not of common-law origin, which directly relates to the conservation of public rights and vitally affects the interests of the community, is statutorily imposed upon 'the court,' the function must be performed by all of its judges."

But here no such request was made and appellants decided to rely on the record as it was made before the Liquor Control Board. In an appeal from an administrative board of this kind in the absence of express statutory provision, we feel that we do not have the power to disregard testimony taken by that board and upon which conclusions were made. This is especially true where counsel is permitted by the act of assembly to eliminate all such testimony from our consideration by requiring the taking of testimony de novo. This is not to say, however, that if the conclusions found by the board based on such testimony are erroneous, we are without authority to set them aside and find conclusions consistent with the facts before the board. Indeed, this is the very purpose of the appeal, but we cannot determine, as has been urged upon us, that the hearsay testimony which was accepted by the examiner must be extracted from the entire record by us and cast aside, leaving only for our consideration that testimony which would be competent testimony if

adduced before us. If appellant in this case had any right to withdraw from our consideration any of the testimony he thought was hearsay, whether he objected to it or otherwise, he certainly waived that right by submitting the matter to us on the record made before the examiner.

In our opinion the testimony taken before the examiner supports the findings made by the Liquor Control Board from which this appeal is taken. Accordingly we adopt the findings of fact and the conclusions of law made by the examiner as the findings of fact and conclusions of law of this court and dismiss the appeal.